86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William P. CARROLL; Jo Ann Carroll, Plaintiffs-Appellants,
v.
MAUI COUNTY; Linda Crockett Lingle; George N. Kaya;
Eassie Miller; Melvin Hipolito; Jerry Morgan;
Ian Suzuki; Steven Parabicoli; Victor
Moreland; Harold Yee, et al,
Defendants-Appellees.
 No. 94-15607.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 31, 1996.
 
 Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William P. Carroll appeals the district court's dismissal of his personal and class action claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, against Maui County and nine individual defendants. We must decide whether Carroll and the class members have sustained an injury to business or property cognizable under 18 U.S.C. § 1964(c). We conclude that they have not, and we affirm the judgment of the district court.
 
 
 3
 Because the parties are familiar with the underlying facts of this case, we will not repeat them.
 
 
 4
 To bring a RICO action on behalf of himself and the class, Carroll must demonstrate that he has been "injured in his business or property by reason of a violation of [prohibited activities under RICO]." 18 U.S.C. § 1964(c). Carroll argues that he and the class members have two distinct and cognizable property interests that have been injured: an interest in a safe, clean, pollution-free environment and an interest in the "intangible right of honest services" from government officials. These alleged injuries are not injuries to business or property within the meaning of section 1964(c) because his alleged injuries are "intangible" and because Carroll has failed to demonstrate "concrete financial loss" resulting from them.[1] Oscar v. University Students Co-Op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc) (dismissing RICO claim because plaintiffs' alleged loss of the use and enjoyment of their rental interest as a result of drug dealing by neighboring students did not constitute an alleged injury to business or property cognizable under RICO), cert. denied, 506 U.S. 1020 (1992).
 
 
 5
 Because Carroll has failed to demonstrate injury to his business or property, he lacks standing to bring the RICO claims dismissed by the district court's March 10, 1994 order. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ("[A] plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.").
 
 
 6
 Section 1346 of the Mail Fraud Statute, 18 U.S.C. §§ 1341-1346, does not change this result. Section 1346 states:
 
 
 7
 For the purposes of [Chapter 63], the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.
 
 
 8
 By its terms, section 1346 of the Mail Fraud Statute applies only to Chapter 63. Section 1346 may have the effect of making a scheme to deprive of honest services a possible predicate act of a RICO violation, but it does not alter the requirement of "injury to business or property" under 18 U.S.C. § 1964(c), which is in Chapter 96. Section 1346 therefore has no bearing on the issue that determines this appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Carroll asserted additional claims based on his loss of employment, but there were not disposed of in the district court's order of March 21, 1994, and are not the subjects of this appeal